IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JACQUELINE BUSTAMANTE,<br># 16307-003,<br><br>    Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | *<br>*<br>*<br>*<br>*<br>* CRIMINAL NO. 16-00018-WS-B<br>* CIVIL ACTION NO. 19-00941-WS-B<br>*<br>*<br>*<br>* |

**REPORT AND RECOMMENDATION**

Pending before the Court is Petitioner Jacqueline Bustamante's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 168). This matter has been referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), S.D. Ala. GenLR 72(a)(2)(R), and Rule 8(b) of the Rules Governing Section 2255 Proceedings, and is now ready for consideration.[1] Having carefully reviewed the record, the undersigned finds that no evidentiary hearing is necessary for the disposition of this matter.[2] Upon consideration,

---

[1] The Honorable United States District Judge William H. Steele presided over the proceedings in this action. The undersigned has reviewed Bustamante's motion and all other relevant documents in the Court's file and has fully familiarized herself with the proceedings before Judge Steele.

[2] A district court is not required to hold an evidentiary hearing on patently frivolous claims, claims that are based upon unsupported generalizations, or claims that are affirmatively contradicted by the record. Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir. 1989).

the undersigned hereby recommends that Bustamante's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 168) be **DISMISSED with prejudice**, and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner, Jacqueline Bustamante.

I.  **BACKGROUND**

Bustamante was indicted in 2016 on charges of conspiracy to distribute and possess with the intent to distribute methamphetamine, in violation of 21 U.S.C. § 846, and possessing with the intent to distribute approximately three kilograms of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). (Docs. 1, 30). Bustamante entered a plea of guilty to the conspiracy charge, pursuant to a written plea agreement. (Docs. 127, 128, 159). As part of the plea agreement, Bustamante waived her rights to challenge her guilty plea, conviction, or sentence in a direct appeal or collateral attack, except that she reserved her rights to file a direct appeal challenging any sentence imposed in excess of the statutory maximum or constituting an upward departure or variance from the advisory guideline range, and to raise a claim of ineffective assistance of counsel in either a direct appeal or § 2255 motion. (Doc. 127 at 11-12). In return, the Government agreed that it would not bring any additional charges against Bustamante related to the facts underlying the indictment. (Id. at 6). The Government also agreed to move to dismiss the remaining

2

count against Bustamante, and to recommend a sentence at the low end of the guideline range. (Id.).

On May 11, 2017, Bustamante was sentenced to 188 months in prison, the lowest sentence within her guideline range. (Doc. 137 at 1-2; Doc. 157-8 at 19). She was also ordered to be delivered to an immigration official for deportation consideration upon the conclusion of her sentence. (Doc. 137 at 3; Doc. 157-8 at 19).

Bustamante's attorney timely filed a notice of appeal on her behalf.[3] (Doc. 140). On appeal, Bustamante, through her appellate counsel, argued that the district court erred in not granting a pre-guilty plea motion to suppress, and that the appeal waiver in her plea agreement was unenforceable. (See Doc. 162 at 2; Doc. 168 at 2). On February 28, 2018, the Eleventh Circuit Court of Appeals granted the Government's motion to dismiss Bustamante's appeal based on the appeal waiver in her plea agreement. (Doc. 162 at 1-2). The Court of Appeals further noted that Bustamante's guilty plea waived her right to challenge the district court's denial of her motion to suppress. (Id. at 2). Bustamante filed a petition for writ of certiorari with the United States Supreme Court, which the Court denied on October 1, 2018. (Doc. 164).

---

[3] Bustamante's plea and sentencing counsel was subsequently permitted to withdraw, and the court appointed new counsel to represent Bustamante on direct appeal. (Doc. 143).

3

On February 8, 2019,[4] Bustamante sent a letter to this Court, wherein she expressed her desire to challenge her sentence on the ground that she was not given a three-point offense level reduction for acceptance of responsibility under the sentencing guidelines. (Doc. 165). She also requested appointment of counsel to represent her in habeas proceedings.[5] (Id.). In light of Bustamante's *pro se* status and the assertions in her letter, the undersigned liberally construed her letter as a petition seeking relief under 28 U.S.C. § 2255. (Doc. 166 at 1). Accordingly, Bustamante was provided with a copy of this Court's form for motions to vacate, set aside, or correct sentence under § 2255 and was directed to refile her § 2255 motion on the Court's form.[6] (Id. at 1-3). Bustamante filed her § 2255 motion on the Court's form as directed (Doc. 168), and the United States filed a timely response (Doc. 171). Bustamante's § 2255 motion is now ripe for review.

---

[4] Under the mailbox rule, "a *pro se* prisoner's motion to vacate is deemed filed the date it is delivered to prison authorities for mailing." Adams v. United States, 173 F.3d 1339, 1341 (11th Cir. 1999) (per curiam). Absent evidence to the contrary, that date is presumed to be the date the prisoner signed the motion. Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001) (per curiam). Bustamante's letter is dated February 8, 2019. (Doc. 165 at 1).

[5] Bustamante also requested an "extension for [her] conviction motion under 28 USC 2255", despite the fact that she was well within the one-year limitation period for filing a § 2255 motion. (Doc. 165 at 1); see 28 U.S.C. § 2255(f).

[6] The undersigned denied Bustamante's request for appointment of counsel. (Doc. 166 at 2-3).

4

## II. HABEAS STANDARD

The limited scope of habeas relief is well established, as this Court has recognized:

> Collateral relief is an extraordinary remedy which "may not do service for a[ ] [direct] appeal." United States v. Frady, 456 U.S. 152, 165, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1982); see also Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004) ("Courts have long and consistently affirmed that a collateral challenge, such as a § 2255 motion, may not be a surrogate for a direct appeal."). A defendant who has waived or exhausted his right to appeal is presumed to stand "fairly and finally convicted." Frady, 456 U.S. at 164. Unless a claim alleges a lack of jurisdiction or constitutional error, the scope of collateral attack has remained extremely limited. United States v. Addonizio, 442 U.S. 178, 185, 99 S. Ct. 2235, 60 L. Ed. 2d 805 (1979). Consequently, "[i]f issues are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack. . . . A defendant is, of course, entitled to a hearing of his claims, but not to duplicate hearings. The appellate process does not permit reruns." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979).

United States v. Evans, 2008 U.S. Dist. LEXIS 59836, at *8-9, 2008 WL 3200694, at *3 (S.D. Ala. Aug. 6, 2008).

## III. DISCUSSION

In her § 2255 motion, Bustamante raises two related challenges to her sentence. First, she claims that the Court erred in denying her a three-point reduction in her guideline offense level for acceptance of responsibility based on the fact that she absconded while on conditions of release. (Doc. 168 at 4). According to Bustamante, she did not "abscond," but rather made the "rational and reasonable" decision to flee in order to protect

5

herself and her children after receiving death threats. (Id.). Second, Bustamante argues that the Court erred in imposing a two-point offense level enhancement for obstruction of justice,[7] because she "provided the government with the information requested as a means of cooperation." (Id. at 5). Instead of the enhancement, Bustamante contends that she should have received a downward departure for providing information to the Government. (Id.).

In response, the Government contends that the Court should dismiss Bustamante's § 2255 motion as barred by the collateral attack waiver in her plea agreement. (Doc. 171 at 8-11). Alternatively, the Government argues that Bustamante's claims are due to be denied because they are procedurally defaulted and without merit. (Id. at 11-14).

### A. Bustamante's Claims are Barred by the Collateral Attack Waiver in her Plea Agreement.

As noted *supra*, the Government argues that the Court should dismiss Bustamante's § 2255 motion because she knowingly and

---

[7] "Under [Eleventh Circuit] caselaw, once a defendant receives an enhancement for obstruction of justice, he is precluded from receiving a reduction for acceptance of responsibility absent 'extraordinary circumstances.'" United States v. Gaines, 138 F. App'x 255, 258 (11th Cir. 2005) (per curiam) (citing United States v. Amedeo, 370 F.3d 1305, 1320-21 (11th Cir. 2004)). "Although the guidelines do not clarify what constitutes 'extraordinary circumstances,' something more than agreeing to plead guilty and providing information is required." Id.

6

voluntarily waived her right to collaterally attack her sentence as part of a valid plea agreement. (Id. at 8-11).

A defendant who enters into a plea agreement may waive the right to collaterally attack her conviction or sentence under § 2255. See, e.g., Griffis v. United States, 746 F. App'x 880, 882-83 (11th Cir. 2018) (per curiam).[8] Collateral attack waivers are valid if they are made knowingly and voluntarily. Williams v. United States, 396 F.3d 1340, 1341-42 (11th Cir. 2005). They are enforceable if the Government shows "either (1) the district court specifically questioned the defendant concerning the [collateral attack] waiver during the [plea] colloquy, or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver." Id. at 1341 (quoting United States v. Bushert, 997 F.2d 1343, 1351 (11th Cir. 1993)).

In this case, both requirements are met. Bustamante's plea agreement clearly stated that as part of the agreement, Bustamante was "knowingly and voluntarily waiv[ing] the right to file any direct appeal or any collateral attack, *including a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255*." (Doc. 127 at 11-12) (emphasis added). The plea agreement made

---

[8] Federal Appendix cases are unpublished Eleventh Circuit opinions and are not considered binding precedent, but they may be cited as persuasive authority. 11th Cir. R. 36-2; Henry v. Comm'r of Soc. Sec., 802 F.3d 1264, 1267 n.1 (11th Cir. 2015) (per curiam) ("Cases printed in the Federal Appendix are cited as persuasive authority.").

7

clear that the only exceptions to this waiver were (1) a direct appeal challenging any sentence exceeding the statutory maximum; (2) a direct appeal challenging any sentence constituting an upward departure or variance from the advisory guideline range; and (3) a direct appeal or § 2255 motion raising a claim of ineffective assistance of counsel. (Id. at 12).

At her guilty plea hearing, Bustamante expressly confirmed that she had read and signed the plea agreement, reviewed it with her attorney, and fully understood and agreed to be bound by all of its terms. (Doc. 159 at 3-4). The Court specifically addressed the appeal and collateral attack waiver provision in the plea agreement and its three exceptions, and Bustamante acknowledged that she understood the terms of the waiver provision. (Id. at 6).

The record, including the plea colloquy, demonstrates that Bustamante's agreement to plead guilty, including her waiver of her rights to file an appeal or collateral attack, was knowing and voluntary. Indeed, in dismissing Bustamante's direct appeal, the Eleventh Circuit determined that Bustamante's appeal waiver was valid and enforceable. (See Doc. 162). The same facts supporting the Eleventh Circuit's enforcement of Bustamante's appeal waiver on direct appeal support this Court's enforcement of her collateral attack waiver. Accordingly, Bustamante's claims of sentencing

errors by the Court are barred by the collateral attack waiver in her plea agreement and are due to be dismissed on that basis.

**B. Bustamante's Claims are Procedurally Barred.**

The Government further argues that, in addition to being barred by the collateral attack waiver in her plea agreement, Bustamante's claims challenging her sentence are procedurally defaulted because Bustamante did not raise them at trial or on direct appeal. (Doc. 171 at 11-13).

"Under the procedural default rule, a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding." Lynn v. United States, 365 F.3d 1225, 1234 (11th Cir. 2004) (per curiam); see also Greene v. United States, 880 F.2d 1299, 1305 (11th Cir. 1989) ("In general, a defendant must assert an available challenge to a sentence on direct appeal or be barred from raising the challenge in a section 2255 proceeding."). "A ground of error is usually 'available' on direct appeal when its merits can be reviewed without further factual development." Mills v. United States, 36 F.3d 1052, 1055 (11th Cir. 1994) (per curiam).

If a defendant fails to pursue an available claim on direct appeal, she can avoid a procedural bar only by establishing one of two exceptions to the procedural default rule. "Under the first exception, a defendant must show cause for not raising the claim

9

of error on direct appeal *and* actual prejudice from the alleged error." Lynn, 365 F.3d at 1234 (emphasis in original). Under the second exception, a court will consider "a procedurally defaulted claim, without a showing of cause or prejudice, to correct a fundamental miscarriage of justice." Fortenberry v. Haley, 297 F.3d 1213, 1222 (11th Cir. 2002) (per curiam). To meet this standard, a petitioner must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Lynn, 365 F.3d at 1234 (quotation omitted).

In the instant § 2255 motion, Bustamante, for the first time, raises two claims challenging the district court's calculation of her offense level under the sentencing guidelines, specifically, the application of a two-point enhancement for obstruction of justice and the denial of a three-point reduction for acceptance of responsibility. Neither Bustamante nor her counsel objected to the computation of the offense level in the presentence investigation report or by the district court prior to or during her sentencing hearing. (See Doc. 157-8). On direct appeal, Bustamante attempted to challenge the fact that the district court did not grant her motion to suppress, but she made no attempt to challenge the court's calculation of her guideline offense level. (See Doc. 162 at 1-2; Doc. 168 at 2). Therefore, she is barred from raising her claims relating to the court's guideline offense

level calculation in her § 2255 motion, unless she can show cause and prejudice or another exception to the procedural bar.

"[A] prisoner collaterally attacking his conviction can establish cause for a procedural default if he can show that 'some objective factor external to the defense impeded counsel's efforts to comply with the . . . procedural rule,' or that his attorney's performance failed to meet the Strickland standard for effective assistance of counsel."  Reece v. United States, 119 F.3d 1462, 1465 (11th Cir. 1997) (citation omitted).  In her motion, Bustamante attempts to explain her failure to raise these issues on direct appeal by stating: "I trusted my attorney to bring forth this information."  (Doc. 168 at 4, 6).  As noted, a meritorious claim of ineffective assistance of counsel can constitute cause to excuse procedural default in some circumstances.  See Reece, 119 F.3d at 1465.  Establishing a viable ineffective assistance of counsel claim requires a petitioner to show both that counsel's performance was deficient and that she suffered prejudice as a result.  See Smith v. Wainwright, 777 F.2d 609, 616 (11th Cir. 1985).

Liberally construed, Bustamante's statements that she "trusted [her] attorney to bring forth this information" amount to an oblique suggestion that her appellate counsel should have raised the claims on direct appeal.  However, Bustamante presents no evidence or reasoned argument indicating that the representation

provided by her appellate counsel fell below professional norms. Moreover, Bustamante cannot establish that she suffered prejudice as a result of counsel's failure to raise these claims, since her appeal was dismissed based on the appeal waiver in her plea agreement, and her claims regarding the court's calculation of the guideline offense level are not among the exceptions to the appeal waiver. Thus, the fact that Bustamante's appellate counsel failed to raise these issues on direct appeal does not constitute sufficient cause to suspend the procedural default rule.[9] The second exception to the procedural default rule is also unavailing to Bustamante, since she has not alleged, let alone demonstrated, actual innocence.[10]

---

[9] The Court notes that a defendant's waiver of the right to directly appeal her sentence "does not establish adequate 'cause' to excuse [her] procedural default," since it is attributable to the defendant's own conduct. United States v. Reed, 2010 U.S. Dist. LEXIS 28783, at *9, 2010 WL 1250679, at *3 (S.D. Ala. Mar. 25, 2010).

[10] Because Bustamante's motion is due to be dismissed based on her collateral attack waiver and procedural default of her claims, the Court need not address the merits of her claims. However, the undersigned notes that it is doubtful that Bustamante's claims challenging the district court's computation of her guideline offense level are even cognizable in a § 2255 proceeding. See United States v. Diaz-Clark, 292 F.3d 1310, 1316 n.4 (11th Cir. 2002). "[N]onconstitutional claims can be raised on collateral review only when the alleged error constitutes a fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure." Burke v. United States, 152 F.3d 1329, 1331 (11th Cir. 1998) (quotation omitted). "Because a defendant has the right to directly appeal a sentence pursuant to the Sentencing Guidelines, the defendant is precluded from raising Guidelines

**IV. CERTIFICATE OF APPEALABILITY**

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the undersigned recommends that a certificate of appealability in this case be **DENIED**. See Rule 11(a), Rules Governing Section 2255 Proceedings ("The district court must issue

---

issues in collateral proceedings under § 2255." Martin v. United States, 81 F.3d 1083, 1084 (11th Cir. 1996) (per curiam); see Ware v. United States, 2009 U.S. Dist. LEXIS 140943, at *15-17, 2009 WL 2567023, at *8-9 (S.D. Fla. May 14, 2009) (holding that, in addition to being barred based on defendant's collateral attack waiver and failure to raise the claim on direct appeal, defendant's claim that the Court incorrectly calculated his sentencing guidelines "presents a non-constitutional sentencing claim that is not cognizable on collateral review"); Micolta v. United States, 2008 U.S. Dist. LEXIS 66858, at *16-17, 2008 WL 3889585, at *6 (M.D. Fla. Aug. 18, 2008) ("Micolta's claim is merely an attack upon this Court's interpretation and application of the sentencing guidelines, and thus this issue is not cognizable on collateral attack. Challenges to the application of particular guidelines are not cognizable under section 2255.") (internal citations omitted); United States v. Crum, 2012 U.S. Dist. LEXIS 169193, at *4, 2012 WL 5966635, at *2 (S.D. Ala. Nov. 28, 2012) ("Petitioner's challenge to this Court's imposition of a two-level enhancement under § 2D1.1(b)(1) is a non-constitutional issue that provides no basis for collateral relief in this case."); Hemingway v. United States, 2013 U.S. Dist. LEXIS 206986, at *3, 2013 WL 12364962, at *1 (M.D. Fla. Jan. 10, 2013) ("Attacks on the application of the guidelines or on the calculation of a guidelines range based on the facts of a particular case generally are not properly addressed on collateral attack."); Vallas v. United States, 2012 U.S. Dist. LEXIS 93778, at *22, 2012 WL 2681398, at *5 (S.D. Ala. June 7, 2012) ("[E]ven with the alleged guidelines calculation error, Vallas received a sentence . . . at the very bottom of the allegedly erroneous advisory guideline range calculated at the time of his sentencing and was, in any event, well within the maximum statutory penalty of ten years for his conviction. . . . Under these circumstances, the alleged nonconstitutional sentencing error does not rise to the level of a complete miscarriage of justice; therefore, Vallas' claim is not cognizable now on collateral review under § 2255."), report and recommendation adopted, 2012 U.S. Dist. LEXIS 93777, 2012 WL 2681381 (S.D. Ala. July 6, 2012).

or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. See 28 U.S.C. § 2253(c)(1). A certificate of appealability may be issued only where "the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2).

Where a habeas petition is dismissed on procedural grounds without reaching the merits of an underlying constitutional claim, a certificate of appealability "should issue [only] when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Bustamante's § 2255 motion does not warrant the issuance of a certificate of appealability. For the reasons discussed above, her sentencing claims are clearly barred by the valid collateral attack waiver in her plea agreement and procedurally defaulted because she failed to raise them on direct appeal. Under the facts of this case, a reasonable jurist could not conclude either that this Court is in error in invoking these procedural bars with respect to these claims or that Bustamante should be allowed to

14

proceed further. See id. ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."). As a result, Bustamante is not entitled to a certificate of appealability and, consequently, she should not be permitted to proceed *in forma pauperis* on appeal.

## V. CONCLUSION

For the foregoing reasons, it is recommended that Petitioner Jacqueline Bustamante's Motion to Vacate, Set Aside, or Correct Sentence pursuant to § 2255 (Doc. 168) be **DISMISSED with prejudice**, and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner, Jacqueline Bustamante. The undersigned further submits that Bustamante is not entitled to the issuance of a certificate of appealability and is not entitled to proceed *in forma pauperis* on appeal.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The

parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing done by the Magistrate Judge is not specific.

**DONE** this **14th** day of **January, 2022.**

                                        **/s/ SONJA F. BIVINS**
                                    **UNITED STATES MAGISTRATE JUDGE**